IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


**UNITED STATES OF AMERICA**      :      **CRIMINAL NO. 1:CR-06-310**
                                                            :
         **v.**                                          :
                                                            :
**TERRENCE DOWLING**                       :


**MEMORANDUM AND ORDER**


Before the court is Defendant's motion for relief pursuant to 28 U.S.C. § 2255. The motion has been fully briefed and is ripe for disposition.

**I.**     **Background**

The background of this case is fully set forth in the Government's brief in opposition to the motion and will not be repeated herein. The facts pertinent to the motion are that Defendant pled guilty to a felony information charging him with possession of firearms by a convicted felon in violation of 18 U.S.C. § 922(g)(1). The plea was pursuant to a plea agreement which contained a waiver-of-appeal provision.

In his § 2255 motion, Defendant claims his counsel was ineffective for the following reasons: (1) for failing to properly explain the plea agreement or the applicable guideline range; (2) for recommending he accept the plea agreement rather than proceed to trial; and (3) for failing to object to the guideline calculation in the presentence report. The Government has adequately addressed these issues and has raised the additional argument that Defendant has waived his right to file a

§ 2255 petition. In Defendant's response and supplemental reply, he argues that he did not knowingly and intelligently waive his right to appeal and, in particular, that he never waived his right to file a collateral appeal. He also raises the issue as to his proper sentence. He claims he should not have been categorized as a career offender based on a count of simple assault.

**II.     Discussion**

The plea agreement dated July 24, 2007 (doc. 25), states:

> . . . the defendant knowingly waives the right to appeal any conviction and sentence, including a sentence imposed within the statutory maximum, on any and all grounds set forth in Title 18 U.S. Code, Section 3742 or any other grounds, constitutional or non-constitutional, including the manner in which that sentence was determined . . . .the defendant also waives the defendant's right to challenge any conviction or sentence or the manner in which the sentence was determined in any collateral proceeding, including but not limited to a motion brought under Title 28 U.S. Code, Section 2255.

(*Id*. at ¶ 35.) The signature page of the plea agreement contains this acknowledgment: "I have read this agreement and carefully reviewed every part of it with my attorney. I fully understand it and I voluntarily agree to it."

During the plea colloquy Defendant was asked whether there had been any threats to enter into the plea agreement to which he replied in the negative. (Tr. of Guilty Plea Proc. at p. 7, lines 15-17 (doc. 39).) During that same plea colloquy, Defendant was advised of his waiver of his right to appeal and to file a motion pursuant to 28 U.S.C. § 2255. (*Id.* at p. 9.) He stated, under oath, that he understood what he was giving up. (*Id.*) He was also asked whether he had any questions concerning the plea agreement to which he replied in the negative. (*Id.* at p. 10, lines 10-12.)

2

In addition, at the sentencing hearing, Defendant was advised that he had waived his right to appeal under 18 U.S.C. § 3742 and 28 U.S.C. § 2255 (Tr. of Sentencing Proc. at p. 14, lines 17-23.)  Defendant has knowingly and understandingly waived his right to file the instant motion pursuant to 28 U.S.C. § 2255.

Nonetheless, because Defendant is under a false understanding about his sentence, this court will address this issue.  Defendant believes his sentence should be a maximum of 60 months and not 120 months.  He believes he received a category of career criminal based on a consideration of a simple assault conviction which he claims was considered by the probation officer as a "crime of violence."

The judgment of conviction shows a criminal history of IV.  The presentence report dated October 16, 2007 reflects total criminal history points of 7 with a Criminal History Category of IV.  Defendant's offense level was 32, resulting in a guideline range of 168 to 210 months.  The statutory maximum is 120 months, which is the sentence imposed on Defendant.  Title 18 U.S.C. § 924(a)(2) provides "whoever knowingly violates subsection (a), (c), (d), (g), (I), (j), or (o) of Section 922 shall be . . . imprisoned not more than 10 years . . . ."  Defendant pled guilty to 18 U.S.C. § 922(g).  The sentence was accurately assessed.

### III.        Conclusion and Order

For the reasons set forth in the Government's Response to Defendant's motion and the reasons set forth herein, **IT IS HEREBY ORDERED THAT**:

      1) Defendant's motion filed pursuant to 28 U.S.C. § 2255 is **DISMISSED**.

      2) This court declines to issue a certificate of appealability.

      3) The Clerk of Court shall close the file.

                                      s/Sylvia H. Rambo
                                      United States District Judge

Dated: March 20, 2009.